## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILSON VINEYARDS, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| WILSON VINEYARD, LLC | : | |
| and | : | |
| WILSON WINERY, LLC d/b/a WILSON VINEYARD | : | |
| and | : | |
| ZACHARY WILSON | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Wilson Vineyards, Inc. ("Plaintiff Wilson") by and through its undersigned counsel, files this complaint against Defendants Wilson Vineyard, LLC, Wilson Winery, LLC, (collectively, "Defendant Wilson") and Zachary Wilson, and avers as follows:

### A.   BACKGROUND, JURISDICTION, AND VENUE

1.      This is a civil action for trademark infringement and unfair competition under federal statutory law, false designation of origin, and cybersquatting under federal statutory law. These claims arise out of Defendants' unauthorized use, marketing, distribution, offering for sale, and sale of products employing, without authorization, a trademark that

infringes Plaintiff Wilson's registered trademark WILSON VINEYARDS® and cybersquatting by Defendant Zachary Wilson.

2.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, as a matter arising under the laws of the United States; under 28 U.S.C. § 1332(a) as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; under the provisions of 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks; under 28 U.S.C. § 1338(b), as a related claim of unfair competition; and under the provisions of the Lanham Act, 15 U.S.C. §§ 1116 and 1121 and cybersquatting under 15 U.S.C. § 1125(d).

3.      This Court has personal jurisdiction over Defendant Wilson Vineyard, LLC as it is a Citizen of this Commonwealth and its principal place of business is within the Commonwealth of Pennsylvania.

4.      This Court has personal jurisdiction over Defendant Wilson Winery, LLC as it is a Citizen of this Commonwealth and its principal place of business is within the Commonwealth of Pennsylvania.

5.      This Court has personal jurisdiction over Defendant Zachary Wilson as he is a Citizen of this Commonwealth.

6.      Venue lies within this District upon the provisions of 28 U.S.C. § 1391(b) and (c).

**B.      PARTIES**

7.      Plaintiff Wilson Vineyards, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 50400 Gaffney Road, Clarksburg, California  95612.

8.      Upon information and belief, Defendant Wilson Vineyard, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4374 Forge Road, Oxford, Pennsylvania 19363.

9.      Upon information and belief, Defendant Wilson Winery, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, doing business as Wilson Vineyards, with a principal place of business located at 4374 Forge Road, Oxford, Pennsylvania 19363.

10.     Upon information and belief, Defendant Zachary Wilson is an individual residing in the Commonwealth of Pennsylvania.

C.     **ALLEGATIONS**

11.     Plaintiff Wilson is a California vineyard and producer of premium grapes for its own varietals as a well as for inclusion in wine production by other vintners.  In addition, the sweeping and majestic views of its vineyard have served as a breathtaking backdrop for many affairs including weddings and other private parties.

12.     Plaintiff Wilson is the owner of the federally registered trademark, WILSON VINEYARDS®, for Wine.  *See* Exhibit A, Reg. No. 2,735,479.  The WILSON VINEYARDS® Registration, which was issued on July 8, 2003 is now incontestable.

13.     Plaintiff Wilson is also the applicant of the trademark application, Serial No. 86/681171, for WILSON VINEYARD™ in connection with wine, which was published for opposition by the United States Patent and Trademark Office on January 26, 2016 (collectively with Plaintiff Wilson's WILSON VINEYARDS® Trademark, the "WILSON VINEYARDS® Trademarks").

14.     Wines branded with the WILSON VINEYARDS® Trademarks have been sold to consumers throughout the United States including California, Hawaii, Nevada, Colorado, Illinois, Arkansas, Idaho, Maryland, Michigan, North Dakota, Ohio, Oregon, South Carolina, Texas, Connecticut, Washington, and Arizona from at least as early as 2002 and continuously through the present. *See* Exhibit B, representative photos of Plaintiff Wilson's wine.

15.     In addition to producing, marketing, and selling its own WILSON VINEYARDS® Trademarks branded wines, Plaintiff Wilson also sells grapes to other third-parties for use in their own wine offerings and Private Label brands.

16.     Because of the well-known qualities of grapes produced by WILSON VINEYARDS®, Plaintiff Wilson, over the course of the past thirty-five (35) years, has granted non-exclusive licenses to various third-party wineries to use the WILSON VINEYARDS® Trademarks in connection with the promotion, advertising, and sale of wine which is made from grapes from Plaintiff Wilson's vineyards.

17.     By way of example, one such current licensee is Steelbird Ghetto Properties, LLC d/b/a Don Sebastiani & Sons ("Don Sebastiani").   Don Sebastiani is the producer of many well-known varietals of wine, including THE CRUSHER®.

18.     Through its license with Plaintiff Wilson, Don Sebastiani has used the WILSON VINEYARDS® Trademarks on the front label, as both a trademark and indicator as to the source of the grapes used in its wines, on bottles of THE CRUSHER® branded wine since 2007. *See* Exhibit C.

19.     Since 2008, Don Sebastiani has distributed and sold approximately 200,000 cases of THE CRUSHER® branded wine, which also bears the WILSON

VINEYARDS® Trademarks, to consumers throughout the United States, including within this Commonwealth.

20.     Plaintiff Wilson, including through its licensees, has continuously and extensively used, advertised, and promoted the WILSON VINEYARDS® Trademarks in commerce throughout the United States on, and in connection with wine.

21.     Plaintiff Wilson carefully supervises, monitors, and controls the quality of all its products to ensure that the products are of a consistently high quality. Plaintiff Wilson likewise carefully supervises, monitors, and controls the quality of all products bearing the WILSON VINEYARDS® Trademarks, including those sold by licensed third-party vineyards, to ensure that the products of its licensees similarly meet the consistently high quality expected of products sold under the WILSON VINEYARDS® Trademarks.

22.     Plaintiff Wilson has expended capital and has devoted substantial amounts of time and money to the production, marketing, and promotion of its WILSON VINEYARDS® branded wine under the WILSON VINEYARDS® Trademarks. As a result, the WILSON VINEYARDS® Trademarks are extremely valuable and constitute a valuable asset in the advertising and sale of Plaintiff Wilson's wines and grapes to the public.

23.     Defendant Wilson Vineyard, LLC was formed in Pennsylvania on August 2, 2010 and its website www.wilsonvineyard.com was created on September 28, 2011.

24.     Upon information and belief, Defendant Wilson first sold wine under the WILSON VINEYARD name and mark no earlier than 2012.

25.     Plaintiff Wilson has never granted Defendant Wilson any right to use the WILSON VINEYARDS® Trademarks or trade name.

26.    Notwithstanding this lack of permission, Defendant Wilson is using the mark and name WILSON VINEYARD in conjunction with its vineyard and event hosting space in Pennsylvania as well as on the Internet and social media, including through Facebook.  Such infringing use has occurred long after Plaintiff Wilson's prior use of the mark and constructive notice of the WILSON VINEYARDS® Trademarks.

27.    Defendant Wilson's use of the mark and name WILSON VINEYARD infringes and threatens to destroy the goodwill Plaintiff Wilson has established over a long period of time for the sale of wine, as Plaintiff Wilson has no way of insuring the quality of the goods sold by Defendant Wilson and, as such, Plaintiff Wilson will be irreparably harmed unless the Defendant Wilson is enjoined from the sale of products using infringing trademarks and trade names to that of Plaintiff Wilson's WILSON VINEYARDS® Trademarks.

28.    Defendant Wilson's use of a trademark and corporate name virtually identical to that of the Plaintiff Wilson's WILSON VINEYARDS® Trademark, in connection with the sale of wine, constitutes the use in commerce of the reproduction, copy, or colorable imitation of a registered trademark, as well as the appropriation of Plaintiff Wilson's goodwill and reputation associated with the WILSON VINEYARDS® Trademarks, which is likely to cause confusion or to cause mistake or to deceive, and is causing losses in sales of Plaintiff Wilson's genuine WILSON VINEYARDS® wines, thereby resulting in lost profits suffered by Plaintiff Wilson.

29.    Upon information and belief, Defendant Wilson is using the infringing WILSON VINEYARD mark and name at the direction of Defendant Zachary Wilson.

30.    Upon information and belief, Defendant Zachary Wilson has caused, authorized, and/or directed Defendant Wilson to use and continue to use the infringing WILSON

VINEYARD mark and name with knowledge of Plaintiff Wilson's WILSON VINEYARDS® Trademarks.

31.     Plaintiff Wilson and the public will continue to suffer irreparable injury unless Defendant Wilson is restrained from using the WILSON VINEYARD mark and name, or any similar marks or names thereto in connection with its business.

32.     Upon information and belief, Defendant Wilson's use of the WILSON VINEYARD mark and name has caused, and if not enjoined is likely to continue to cause, actual confusion.

33.     If not enjoined by the Court, Defendant Wilson will continue to sell product in commerce under the WILSON VINEYARD mark and name, which will be perceived as having emanated from Plaintiff Wilson. Plaintiff Wilson, however, has no control over the nature and quality of the products sold by Defendant Wilson, and any fault or objection with the products will adversely affect future sales of genuine wine and grapes under the authorized use of the WILSON VINEYARDS® Trademarks.

34.     Upon information and belief, Defendant Wilson had full knowledge of Plaintiff Wilson's exclusive and well-established proprietary rights in and to the WILSON VINEYARDS® Trademarks, but continue to proceed in complete disregard of Plaintiff Wilson's rights.

35.     Defendant Wilson's infringing conduct complained of herein is willful and malicious.

-7-

36.     Unless immediately restrained and enjoined by this Court, Defendant Wilson will continue offering for sale, selling, distributing, and marketing wine branded with an infringing mark and name, causing Plaintiff Wilson irreparable injury.

37.     Plaintiff Wilson has no adequate remedy of law.

## COUNT I

(Against all Defendants)

Unauthorized Use and Counterfeit of Federally
Registered Trademarks Under
15 U.S.C. § 1114(1) of the Lanham Act

38.     The allegations contained in paragraphs 1 through 37 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

39.     Defendant Wilson's use of the WILSON VINEYARD mark and name constitutes the use in commerce of a reproduction, copy, counterfeit, or colorable imitation of registered trademarks, as well as the appropriation of Plaintiff Wilson's goodwill and reputation associated with the marks, which is likely to cause confusion or to cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.     Defendant Wilson's use of the WILSON VINEYARD mark and name confuses and is likely to confuse the purchasing public as well as others engaged in business relations with Plaintiff Wilson.  Defendant Wilson's use of the WILSON VINEYARD mark and name in the offering and sale of its products injures the reputation, goodwill, and prestige of Plaintiff Wilson and impairs the value of the WILSON VINEYARDS® Trademarks, which are uniquely associated with Plaintiff Wilson's goods, and causes other injury to Plaintiff Wilson. Plaintiff Wilson and the public will suffer irreparable injury unless Defendant Wilson is restrained from using the WILSON VINEYARD mark.

41.     Upon information and belief, Defendant Wilson is using the infringing WILSON VINEYARD mark and name at the direction of Defendant Zachary Wilson.

42.     Upon information and belief, Defendant Zachary Wilson has caused, authorized, and/or directed Defendant Wilson to use and continue to use the infringing WILSON VINEYARD mark and name with knowledge of Plaintiff Wilson's WILSON VINEYARDS® Trademarks.

43.     Defendants should be permanently enjoined from offering for sale, selling, distributing, and marketing any products using the WILSON VINEYARD mark and name, or any colorable imitations thereof, or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

### COUNT II

(Against all Defendants)

False Designation of Origin and Unfair Competition
Under 15 U.S.C. § 1125(a) of the Lanham Act

44.     The allegations contained in paragraphs 1 through 43 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

45.     At all times relevant to this lawsuit, Plaintiff Wilson has sold its wine under the WILSON VINEYARDS® Trademarks in interstate commerce.

46.     Plaintiff Wilson's WILSON VINEYARDS® Trademarks are uniquely associated with Plaintiff Wilson's products.

47.     Defendant Wilson's use of the WILSON VINEYARD mark and name in the offer and sale of its products wrongly and deceptively confuses the public that its products emanate from Plaintiff Wilson, all to the detriment of Plaintiff Wilson, and will continue to damage Plaintiff Wilson unless enjoined by the Court.

48.     Upon information and belief, Defendant Wilson is using the infringing WILSON VINEYARD mark and name at the direction of Defendant Zachary Wilson.

49.     Upon information and belief, Defendant Zachary Wilson has caused, authorized, and/or directed Defendant Wilson to use and continue to use the infringing WILSON VINEYARD mark and name with knowledge of Plaintiff Wilson's WILSON VINEYARDS® Trademarks.

50.     As a result of the Defendant Wilson's actions, Plaintiff Wilson has lost, and will lose in the future, sales in an unknown amount due to the consumers' erroneous belief that the Defendant Wilson's products emanate from Plaintiff Wilson.

51.     Plaintiff Wilson has been and will also continue to be injured by the fact that it has no control over the type or quality of the Defendant Wilson's products or the promotional advertising activities utilized by the Defendant Wilson.

52.     Defendant Wilson's activities injure the reputation, goodwill, and prestige of Plaintiff Wilson, impair the value of the Plaintiff Wilson's WILSON VINEYARDS® Trademarks, which are uniquely associated with the Plaintiff Wilson's wines, and cause other injury to Plaintiff Wilson.  Plaintiff Wilson and the public will suffer irreparable injury unless Defendant Wilson is restrained from using the infringing WILSON VINEYARD mark and name.

53.     The aforesaid acts of Defendants constitutes false designation of origin and false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

## COUNT III

(Against Defendant Zachary Wilson)

## VIOLATION OF FEDERAL ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

54.     The allegations contained in paragraphs 1 through 53 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

55.     Defendant     Zachary     Wilson     registered     the     website www.wilsonvineyard.com on September 28, 2011.

56.     Plaintiff Wilson's WILSON VINEYARDS® Trademarks are distinctive and famous, and it was distinctive and famous at the time Defendant Zachary Wilson registered and continued the registration of the www.wilsonvineyard.com domain name.

57.     Defendant Zachary Wilson's continuation of the registration of the www.wilsonvineyard.com domain name has been done willfully, knowingly, deliberately, maliciously, and intentionally, with bad faith intent, and done without permission or consent of Plaintiff Wilson.

58.     Defendant     Zachary     Wilson     has     used     and     is     using     the www.wilsonvineyard.com domain name with a bad faith intent to profit from Plaintiff Wilson's WILSON VINEYARDS® Trademarks in violation of the Federal Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

59.     Pursuant to 15 U.S.C. § 1117(d), Plaintiff Wilson is entitled to its actual damages and/or statutory damages of up to $100,000.00 for use of the domain name in bad faith, and wrongfully used and registered by Defendant Zachary Wilson.

60.    Plaintiff Wilson further anticipates that Defendant Zachary Wilson will continue his bad faith activities, and engage in such activities in the future, unless enjoined.

61.    Plaintiff Wilson's remedy at law is inadequate.

62.    Defendant Zachary Wilson's actions constitute Cyberpiracy pursuant to 15 U.S.C. §1125(d).

WHEREFORE, Plaintiff Wilson demands that:

A.    Defendant Wilson, including all directors, including Defendant Zachary Wilson, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from using the WILSON VINEYARD mark and name or any infringing or colorable imitation of the WILSON VINEYARDS® Trademarks;

B.    Defendant Wilson, including all directors, including Defendant Zachary Wilson, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from otherwise competing unfairly with the Plaintiff Wilson;

C.    Defendants pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of their acts of trademark infringement, false designation of origin and unfair competition, and the content, nature, form and extent of such corrective advertising is to be approved by Plaintiff Wilson and this Court;

D.    Defendant Zachary Wilson deactivate all web sites, and deliver up for destruction any and all product packaging, promotional materials, advertisements, and other items in its possession, custody or control which, if sold or offered for sale, displayed or used would violate the injunction granted by the Court;

E.     Defendant   Zachary   Wilson   transfer   ownership   of   the www.wilsonvineyard.com domain name to Plaintiff Wilson;

F.     Defendants be ordered, pursuant to 15 U.S.C. §1116(a), to serve upon the Plaintiff Wilson within thirty (30) days after service on Defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.     Defendants be ordered to pay damages suffered by Plaintiff Wilson resulting from Defendants' infringing activities, including treble damages sustained by Plaintiff Wilson as a direct or indirect result of any of the acts complained of hereinabove and that Defendants be jointly and severally liable for such damages;

H.     There be a finding that this matter is exceptional and, accordingly, Defendants be ordered to pay Plaintiff Wilson's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117(a) of the Lanham Act;

I.     Defendant Zachary Wilson be ordered to pay statutory damages pursuant 15 U.S.C. §1117(d); and

J.      Plaintiff Wilson be awarded such other and further relief as this Court may

deem proper and just.

Respectfully submitted,

Dated:  March 15, 2016

/Paul J. Kennedy/
Paul J. Kennedy
Noah S. Robbins
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel.:   215-981-4000
Email: kennedyp@pepperlaw.com
            robbinsn@pepperlaw.com

*Attorneys for Plaintiff*
*Wilson Vineyards, Inc.*

# EXHIBIT A

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 2,735,479

Registered July 8, 2003

## TRADEMARK
### PRINCIPAL REGISTER

# WILSON VINEYARDS

WILSON VINEYARDS, INC (CALIFORNIA COR-
PORATION)
50400 GAFFNEY ROAD
CLARKSBURG, CA 95612

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 6-22-2002; IN COMMERCE 6-22-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "VINEYARDS" , APART FROM
THE MARK AS SHOWN.

SN 76-346,807, FILED 12-10-2001.

SAMUEL E. SHARPER JR., EXAMINING ATTOR-
NEY

# EXHIBIT B









$12.99/btl

$14.99/btl

# EXHIBIT C

3/14/2016

Fine Wine & Good Spirits

LOGIN    MY ACCOUNT    WISH LIST    🛒 SHOPPING CART    LOCATE STORE    DELIVERY INFO    

# FINE WINE & GOOD SPIRITS

LIVE CHAT
We're offline now.
Send us a message. ▶

WINE    SPIRITS    SALES    EVENTS    WINE CLUB    LEARN    ENTERTAIN    GIFTS    crusher

Gift Giving Guide  |  Gift Cards  |  Gift Card Balance  |  Wine Club  |  Personalized Labels



Available Online(0)    Available In-Store(5)    Available Special Order(9)



15 Per Page

## Didn't find what you are looking for? Try a keyword search.

Refine your search by:    Varietal    Country    Region    Price    Vintage    Top Rated    Promotions    [x] Reset

| SORT BY | DESCRIPTION ▼ | VARIETAL | REGION | RATING | SIZE | PRICE |
|---|---|---|---|---|---|---|
| | The Crusher Cabernet Sauvignon Clarksburg Wilson Vineyard<br>Vintage: AV<br>Size: 750 ML<br>Item Code: 000007238 | Cabernet Sauvignon | Other California | | 750 ML | Reg: $12.99 |
| | The Crusher Petite Sirah Wilson Vineyard Clarksburg 2011<br>Vintage: 2011<br>Size: 750 ML<br>Item Code: 000046292 | | Other California | | 750 ML | Reg: $14.99 |
| | The Crusher Petite Syrah Clarksburg Sierra Foothills 2012<br>Vintage: 2012 | Petite Sirah | | | 750 ML | Reg: $13.99 |

**Size:** 750 ML
**Item Code:** 000002929

**The Crusher Pinot Noir**

**Vintage:** AV
**Size:** 750 ML
**Item Code:** 000003694

Pinot Noir      Other California      750 ML      Reg: $12.99

**The Crusher Viognier Clarksburg Sierra Foothills 2013**

**Vintage:** 2013
**Size:** 750 ML
**Item Code:** 000002930

Viognier      750 ML      Reg: $13.99

15 Per Page

SOCIAL RESPONSIBILITY  |  WWW.PA.GOV  |  PRIVACY POLICY  |  ABOUT US  |  CONTACT US  |  HELP

© 2015 finewineandgoodspirits.com All Rights Reserved





the-crusher.jpeg (960×1280)

3/14/2016

